# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

|  |  |
|---|---|
| TRAVIS NELSON MIGNEAULT,<br><br>Plaintiff,<br><br>vs.<br><br>GALLES, ET AL.,<br><br>Defendants. | CV 25-143-BLG-WWM<br><br><br>ORDER |

Plaintiff Travis Nelson Migneault ("Mr. Migneault") has two motions pending before the Court: a Motion to Dismiss/Modify with respect to two Defendants (Doc. 28) and a Motion for Leave of Court to Clarify Second Amended Complaint (Doc. 31).

## I.    MOTION TO DISMISS

Mr. Migneault moves to dismiss two defendants named in his Amended Complaint (Doc. 13), St. Vincent Hospital (St. Vincent") in Billings and an unknown emergency doctor at St. Vincent.  (Doc. 28).  Mr. Migneault's motion states that he would like to dismiss them because he has not exhausted his remedy through the Montana Medical Legal Panel process.

Section 1983 of Title 42 of the U.S. Code provides a right of action against defendants who are acting under color of state law, i.e., who derive their power from the state in some manner.  A defendant has acted under color of state law

where he or she has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988). St. Vincent and an unknown emergency room doctor are not such state actors, and therefore, are not amenable to suit under § 1983, absent special circumstances that are not apparent in Mr. Migneault's Complaint.[1] Mr. Migneault's Amended Complaint fails to state a claim against these defendants as a matter of law. They would be subject to dismissal regardless of his motion to dismiss them. Therefore, Mr. Migneault's motion to dismiss is granted. However, he should be aware that even if he exhausts any administrative procedure, he will not be able to add these Defendants back to this lawsuit.

## II.    MOTION FOR LEAVE TO CLARIFY

Mr. Migneault has moved to clarify certain aspects of his Second Amended Complaint. (Doc. 31).[2] His motion will be construed as pertaining to his Amended Complaint. (Doc. 13). Mr. Migneault addresses two issues. First, he would like to clarify that he is suing the various defendants in both their official and their individual capacities. Mr. Migneault used the Court's Amended Complaint form, as provided by the Clerk of Court, which does not require him to specify the capacity of his claims. Thus, clarification is not required. The issue of

---

[1] St. Vincent is also not a "person" and, therefore, not subject to § 1983.

[2] Mr. Migneault refers to his pleading as his Second Amended Complaint, but the docket shows only two Complaints. (Docs. 2 and 13.)

capacity may be raised in the course of the litigation, but it is not an element that must be pled, and therefore, clarification is not required.

Mr. Migneault's second issue for clarification is the type of damages sought by him. Mr. Migneault's Amended Complaint sought $3 million in punitive damages. (Doc. 13 at 3). Mr. Migneault's motion clarifies that he also seeks "compensatory, nominal or any other relief the court deems appropriate." (Doc. 31). This element, too, is not one that needs clarification at this point in proceedings. Mr. Migneault may not amend his pleading by piecemeal or by motion for clarification. When a Scheduling Order is entered by the Court, there will be a deadline for amending pleadings, and Mr. Migneault may amend his Complaint comprehensively in accordance with that deadline. At that time, he may file a motion for leave to amend, as described in Local Rule 15.1. For now, Mr. Migneault's motion to clarify is denied.

Accordingly,

**IT IS HEREBY ORDERED**:

1.    Mr. Migneault's motion to dismiss is **GRANTED**. (Doc. 28). Defendants St. Vincent and unknown emergency room doctor are **DISMISSED**. The Clerk of Court is directed to modify the docket accordingly.

2.    Mr. Migneault's motion for leave to clarify is **DENIED**. (Doc. 31).

3

3.    At all times during the pendency of this action, Mr. Migneault must immediately advise the Court and opposing counsel of any change of address. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

DATED this 16th day of April, 2026.

WILLIAM W. MERCER
UNITED STATES DISTRICT JUDGE